IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00313-CR

 

gary wayne willoughby,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2007-923-C2

 



abatement ORDER



 

Appellant filed the following items pro se in the
trial court:  a motion for new trial, file-marked October 19, 2007; an
affidavit in support of the motion for new trial, file-marked October 19, 2007;
a notice of motion for new trial, file-marked October 22, 2007; and a motion to
appoint counsel, file-marked October 22, 2007.  Appellant, who now has
appointed counsel in this appeal, has filed a motion to abate this appeal
because the trial court has set a hearing for December 18, 2007 on the above
matters.

We abate this appeal for the trial court to make
or enter appropriate orders and findings of fact on the issues raised in the
above matters filed pro se by Appellant.  The trial court shall, within thirty
days after the date of this Order: (1) make any appropriate orders and
findings; and (2) deliver any orders and findings to the trial court clerk.

            The trial court clerk and court
reporter shall: (1) prepare a supplemental clerk’s record containing all orders
and findings of fact and conclusions of law that the trial court renders or makes,
and prepare a supplemental reporter’s record; and (2) file the supplemental
clerk’s record and supplemental reporter’s record with the Clerk of this Court
within forty-five days after the date of this Order.

            Appellant’s brief will be due thirty days after the supplemental records
are filed.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Motion
granted and cause abated

Order
issued and filed December 14, 2007

Do
not publish








 






0;                                                                             

      On motion for rehearing, the State contends that the special judge was appointed in
compliance with section 26.022 of the Government Code. In support of its contention, the State
has filed a motion to supplement the record with the affidavit of Charles R. Herd, the former Hill
County Judge. First, we note that according to the affidavit Judge Herd was not disqualified to
try this cause. Thus, article 5, section 16, of the Texas Constitution does not apply. 
Nevertheless, as we noted on original submission, sections 26.022 and 26.028 of the Government
Code contain several mandatory provisions independent of the constitutional prerequisite to the
appointment of a special judge when the county judge is disqualified. Specifically, the record does
not reflect that each counsel of record was given notice and accorded a hearing on the matter, or
that the county judge considered the recommendations of the attorneys in his appointment of the
special judge.
      The State argues that a letter, dated February 27, 1991, gave Saylors notice of the
appointment of a special judge. A notice issued contemporaneously with the appointment of a
special judge hardly satisfies the statutory provision that "[e]ach counsel of record is entitled to
notice and hearing on the matter." See Tex. Gov't Code Ann. § 26.022(b) (Vernon 1988). 
Although the statute does not expressly require that the notice be given before the appointment of
the special judge, the clear intent of the statute is for the attorneys to have an opportunity to agree
on a special judge before one is appointed by the county judge. See id. § 26.022(c)(2).
      The State also contends that the county judge properly exercised his discretion to appoint the
special judge. Section 26.028 of the Government Code provides, "The county judge shall consider
the recommendations of attorneys of the court as to the implementation of this subchapter and the
accomplishment of its purposes." Id. § 26.028 (emphasis added). Notwithstanding the mandatory
language of the statute, the State suggests that the county judge's discretion to appoint a special
judge is no longer limited by the statutory requirement that the county judge give due
consideration to the recommendations of attorneys. The former article 1933a, section 2(c), of the
Revised Civil Statutes provided:
If the county judge finds that good cause exists therefor, he shall appoint a special
county judge, at his discretion, except: (1) the person so appointed must be a duly
licensed attorney at law; (2) the person so appointed must be the person agreed upon by
all counsel of record in the pending matter, if they are able to so agree; and (3) due
consideration shall be given by the court to such recommendations as may be made by
the attorneys of such court for the further implementation of this Act and the
accomplishment of the purposes hereof.




The State argues that the replacement of the phrase "due consideration," in article 1933a, with the
word "consider," in section 26.028, indicates that the legislature intended to give the county judge
greater discretion in the appointment of a special judge. The State's argument, however, is
misguided. The act adopting Title 2 of the Government Code, which codified the former article
1933a of the Revised Civil Statutes, provided:
Section 27. LEGISLATIVE INTENT. This Act is enacted pursuant to Article III,
Section 43, of the Texas Constitution. This Act is intended as a recodification only, and
no substantive change in the law is intended by this Act.




We hold that the legislature intended to retain the same limitations on the discretion of the county
judge in the appointment of a special judge as were included in the former article 1933a.
      Because the record does not reflect that the special judge was appointed in compliance with
the mandatory provisions of sections 26.022 and 26.028 of the Government Code, we deny the
State's motion for rehearing.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Motion for rehearing denied
Opinion delivered and filed September 9, 1992
Publish